David L. Glickman, J.
In this proceeding under article 78 of the Civil Practice Act, petitioner seeks (a) a review of the determination of the respondents as members of the Suffolk County Civil Service Commission, which denied certification of petitioner as provisional Police Chief of the Village of Northport, (b) an annulment of such determination of the commission, and (c) a direction that the commission certify the payroll of the Village of Northport with the petitioner as provisional Police Chief of said village.
It appears from the papers submitted on this application that the petitioner, who has occupied the position of Police Chief of the Village of Northport for some 9 or 10 years, failed to *533 pass two successive noncompetitive examinations scheduled by the respondents for such position. It further appears that in February, 1963, respondents established an eligible list containing four names, but that said list was exhausted when three of the persons so named refused to accept such position and the fourth was found not qualified. In March, 1963, the Village of Northport requested the respondents to certify the petitioner as provisional reappointee to the position of police chiefs but such request was denied by the respondents.
The primary reason advanced by respondents for rejecting the purported reappointment of the petitioner is predicated on rule XIV of the Suffolk 'County Civil Service Buies which provides in part that a person failing to pass two successive noncompetitive promotion examinations shall be ineligible for employment in the position sought except by appointment or promotion from an eligible list established following competitive examination. Bespondents also oppose petitioner’s application on the ground that the village has not duly and properly appointed petitioner to said position in accordance with the forms and procedures prescribed by the commission.
In normal situations the aforesaid provision of rule XIV would suffice to support the ruling of the respondents in this case, and would bar the provisional appointment of the petitioner attempted to be made by the Village of Northport. However, rule XIV is subject to relaxation where exceptional circumstances exist. At page 1 of Policy Manual Item No. -5152 of the Department of Civil Service, under the caption 1‘ Extension of Provisionals who Fail Examination ”, provision is made for continuance in office of the original provisional appointee although such appointee has twice failed the examination held for the position. The provision reads as follows:

“ Extension of provisionals ivho fail examination

“ 1. If a provisional appointee twice fails in the examination held for the position and the eligible list contains less than three names or is immediately reduced to less than three names, the appointing officer, if he does not wish to make a permanent appointment from the less than three eligibles available, must offer provisional appointment to the eligibles whose names remain on the list. If he gets no acceptance of such offer by the eligibles, or chooses not to appoint one of such eligibles, he must terminate the services of the person who has twice failed and nominate for provisional appointment, a qualified person. In exceptional cases the original provisional appointee may be continued, provided it is thoroughly understood that he will be terminated if he again fails the examination. Such exceptions *534 should be permitted only in areas of very difficult recruitment or where some other administrative hardship is clearly indicated. ’ ’
From the facts presented in the instant application, it is undisputed that the eligible list established in February, 1963 has been exhausted and that no list presently is in existence. The fact that three out of the four names on the former eligible list declined the position, and that the fourth person was found unqualified, indicates the difficulties which face the Village Board of the Village of Northport in recruiting a qualified person for the position of Police Chief. The further fact that there is presently no eligible list from which the commission may certify eligibles for appointment, is additional evidence of the hardship confronting the village in its attempt to nominate a qualified person. It is my conclusion that the circumstances established on this application are such as to invoice the application of the exception above quoted, and that the village may lawfully appoint the petitioner provisionally to the position of Police Chief, subject to the limitations provided by the rules, to wit, that such appointment shall not exceed a period of nine months (rule XVI) or such appointment shall terminate if petitioner again fails the examination, whichever event occurs first.
As to the other objections contained in the respondents’ answer, these relate to the procedure required to .be .followed by the village in making the appointment in question. Such procedural requisites, of course, must be observed by the village.
The application of the petitioner is granted and the determination of the respondents is annulled. The respondents are directed to certify the payroll of the Village of Northport with the petitioner listed as Police Chief upon the provisional appointment of the petitioner to such position in accordance with the required procedure.